This case concerns visitation rights provided in a judgment of divorce.
The parties were married on January 18, 1976. The parties have a six year old son born of the marriage. The wife has custody of a minor daughter from a previous marriage. The wife filed a complaint for divorce in March 1984.
The trial court granted a judgment of divorce on February 8, 1985. The wife was awarded custody of the parties' minor child, and the husband was awarded certain visitation rights. The husband appeals only from that portion of the judgment of divorce concerning visitation rights.
The trial court awarded the husband "all reasonable rights of visitation . . . to include, but not be limited to alternate weekends from 6:00 p.m. on Friday until 6:00 p.m. on Sunday; for a period of four weeks during the summer months, and from December 26th until January 2nd of each year during the Christmas season." The husband contends on appeal that the trial court committed error in failing to award him more liberal visitation rights with his son.
A trial court has broad discretion in the award of visitation rights to a noncustodial parent, and an award of such rights will not be reversed except for an abuse of the trial court's discretion. Price v. Price, 440 So.2d 1110
(Ala.Civ.App. 1983). We have stated that:
 "In determining the propriety of the decree regarding visitation rights of a divorced parent, each case must be decided on its own peculiar facts and personalities involved. The personal contact of the trial court with the litigants and the witnesses gives the trial court an opportunity for personal observation which we do not have, and which accounts for the presumption we accord its decrees."
Skipper v. Skipper, 280 Ala. 506, 195 So.2d 797 (1967) (citation omitted).
As noted above, the trial court awarded specific visitation rights to the husband on alternate weekends, one month during the summer, and on Christmas holidays. *Page 1148 
The trial court's visitation award appears to be very reasonable and fair to the parties. We have upheld similar visitation awards in previous cases. See, e.g., Lipham v.Lipham, 50 Ala. App. 583, 281 So.2d 437 (1973). Further, the trial court awarded the husband "all reasonable rights of visitation." The husband, in a hearing on his motion for reconsideration or, in the alternative, motion for new trial, complained that this language was not specific and requested that the court specify what "reasonable visitation" meant. Apparently, the husband feared that the wife would not permit him to visit the parties' son except on those dates specified by the court. The trial court responded that it ordinarily fashioned its divorce decrees in this manner, anticipating that divorced parties would eventually make further arrangements for visitation in addition to those stipulated by the court. The wife stated at trial that she did not object to the husband's having visitation rights, that she did not wish to separate the husband and the child, and that she understood that the child needed the influence of both parents. If the wife fails to allow the husband reasonable visitation, the husband has recourse to the trial court. We find no error in the trial court's award of visitation rights to the husband.
Lastly, the husband argues that the trial court erred in refusing to award visitation rights to the minor child's paternal grandmother. We disagree.
Section 30-3-4, Code 1975, provides as follows:
 "At the discretion of the court, visitation rights for grandparents of minor grandchildren shall be granted in the following cases:
 "(a) Divorce proceedings, whether granted previously or subsequently to February 28, 1983; and
 (b) Situations concerning the death of a parent related by blood to the grandparents."
This section does not require that the trial court award visitation rights to grandparents, but merely allows the court to do so at its discretion.
The evidence shows that the child is about six years old and lives with his mother in Mobile, Alabama. The grandmother's home is in Colorado Springs, Colorado, but she visits her son, the father, who lives in Mobile, quite often. The grandmother could arrange to visit with her grandchild during the times that the father exercises visitation. Moreover, the grandmother can petition the court in the future to give her specific visitation rights. We find, however, no abuse of discretion in the trial court's failure to award visitation rights with the child at this time.
Wife's request for attorney's fee is granted in the amount of $350.
The trial court's decree is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.