As Judge Murdock, Judge Crawley, and Judge Bryan, concurring in the result in the earlier opinion in this case, concluded, this case does not involve a consideration of the constitutionality of § 30-3-4.1, Ala. Code 1975. Doddv. Burleson, 932 So.2d 912, 922-23 (Ala.Civ.App. 2005) ("Dodd I"). Hence, this case is not an appropriate vehicle for this court to settle the question of whether §30-3-4.1 offends the Due Process Clause of the Fourteenth Amendment by not requiring a showing of substantial harm in all cases as a prerequisite to awarding grandparental visitation. Therefore, I cannot join in the main opinion's decision to "reaffirm" the principles set out in Dodd I, which were dictum in that opinion.
This case involves the simple question of whether the trial court, on remand, properly complied with this court's order that it craft a reasonable visitation order that would serve the best interests of the children. Section 30-3-4.1 sets out factors the trial court must consider when determining whether grandparents should be given visitation rights; it does not create any standards regarding the mode or manner of visitation or establish any factors a trial court must consider when fashioning its visitation order. The statute is silent as to the procedure to be followed once the trial court has determined it is in the best interests of the child to have visitation with the grandparents.
Apparently, the Legislature, in amending § 30-3-4.1, intended that the appropriateness of the method and manner of grandparent visitation would be determined as under preexisting law. Alabama law has long held that when granting visitation to grandparents, the trial court has broad discretion in determining the mode of the visitation, the duration of the visitation, the location of the visitation, the scope of the visitation, and any restrictions or conditions on the visitation based on the best interests of the children, and its order will be reversed only if it abuses that discretion.See, e.g., Cockrell v. Sittason, 500 So.2d 1119
(Ala.Civ.App. 1986). The father has failed to show that the trial court's visitation plan was unreasonable and thus an abuse of its discretion. Accordingly, although I cannot concur in all respects with the analysis in the main opinion, I concur in the decision to affirm the trial court's visitation order as revised on remand.
 BRYAN and THOMAS, JJ., concur. *Page 727