This is a child custody modification case.
Rebecca and John Laurent were divorced on March 26, 1981. The custody of their only child, a son, was awarded to the paternal grandparents, Chalmers and Mary Laurent. Rebecca was given visitation privileges. On December 3, 1981 Rebecca filed a petition to modify the custody of her son. Chalmers and Mary Laurent filed an answer and cross-petition seeking termination of Rebecca's visitation privileges.
Prior to a hearing on the merits of the case, the trial court required a psychiatric evaluation of the parties and the child by a court-appointed psychiatrist.
On September 2, 1982 the trial court suspended the mother's visitation until a hearing on the merits of the case. The basis for this action was a petition by the paternal grandparents and the report of the court-appointed psychiatrist. On October 18 and 19, 1982 the case was heard on its merits. The trial court denied the mother's request for modification of custody and suspended her visitation privileges for a period of at least six months. The court further ordered that the child be evaluated prior to resumption of visitation to determine if he had matured sufficiently to visit with his mother. The court also directed that during the six months period when visitation was not allowed the mother and the paternal grandparents would attend counseling sessions to be arranged by the court-appointed psychiatrist.
The mother appeals to this court and contends here that the trial court erred by not modifying the March 26, 1981 custody decree and by suspending her visitation privileges.
A party seeking modification of the child custody provisions of a divorce decree has the burden of showing a material change in circumstances which adversely affects the welfare of the child. Murphy v. Quinn, 402 So.2d 1033 (Ala.Civ.App. 1981).
In all cases where the trial court has heard evidence ore tenus, its judgment is presumed correct and will not be set aside unless it be so unsupported by or so contrary to the evidence as to amount to an abuse of discretion. Jenkins v.Jenkins, 395 So.2d 1045 (Ala.Civ.App. 1981).The trial *Page 268 
court also has wide discretion in awarding child visitation privileges to a noncustodial parent and will not be reversed except for an abuse of that discretion. Allen v. Allen,385 So.2d 1323 (Ala.Civ.App. 1980). In exercising its discretion the primary consideration of the trial court must be the best interests and welfare of the child. Allen v. Allen, supra. In determining whether there has been an abuse of discretion by the trial court, we must look to the evidence set out in the record. Murphy v. Quinn, supra.
The record evidence shows that prior to her divorce Rebecca had been intimately involved with several men and had abused illicit drugs. Since the divorce Rebecca has been active in church affairs and has a good reputation in her church community. She was unemployed at the time of the hearing. There was no evidence introduced tending to show the grandparents were unfit to have the child's custody or that they did not love and properly care for the child.
A witness for the grandparents testified that she knew the grandparents and the child and that the child attended her Sunday School class. This witness stated that the child was quiet and shy when he first attended her class in March 1981. Then he became harder to control and did not want to attend the class unless his grandmother was with him. About six to eight weeks prior to the hearing the child appeared to be a changed person. He was much calmer and was easy to get along with and his work habits were much more stable. He now appeared to be what she called a normal child. He was no longer nervous and was not easily upset. It should be noted here that the period of time testified to by this witness coincided with the period of time that the mother's visitation privileges had been suspended by the trial court prior to the hearing on the merits.
Another witness for the grandparents testified that she had noticed a decided change in the child's behavior in the last eight weeks prior to the hearing. She said that prior to this period the child had been unruly and very aggressive toward other children but that in the last eight weeks he had calmed down and was much more enjoyable to be around.
A report filed with the court by the court-appointed psychiatrist was introduced into evidence. This report revealed that the psychiatrist had interviews with all parties at one time or another. He also indicated that he had obtained histories of the parties involved and a list of the child's problems and assets. The doctor reported that the child was experiencing considerable emotional distress and was encountering difficulty in peer activity sessions. He was also in turmoil due to the conflict between his mother and grandparents. The doctor also pointed out that the child displayed increased anxiety, aggressiveness, sleeping difficulties, and resistance to discipline when visitations with the mother occurred. The doctor said the mother was unable to control the child during the interview he had with the mother and the child.
The situation during the interview with the child and the grandparents was, according to the doctor, quite the opposite from that which occurred with the mother. During this interview the child was calm, talked quietly, and played with his toys.
The psychiatrist recommended that visitation with the mother be suspended temporarily, that the mother and the grandparents engage in counseling to attempt to remove some or most of the conflicts now existing between them, and that prior to resumption of visitation that the child again be reevaluated to assess his progress. The doctor said that if the inner turmoil being experienced by the child was not eliminated, the child was likely to develop serious emotional problems.
Based on the evidence contained in the record and heard by the trial court, we cannot say that the trial court abused its discretion in refusing to modify the custody arrangements for the child in question. Nor do we find that the trial court abused its discretion in temporarily suspending the mother's visitation privileges so that an effort could be made to improve the child's emotional health and to eliminate the *Page 269 
harmful conflicts between the grandparents and the mother.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.