This is a child visitation case.
The father filed a petition to modify the parties' divorce decree so that he would be given visitation rights with the parties' minor son. He had earlier relinquished those rights by agreement with the wife, who, in return, waived her right to child support.
The trial court, after an ore tenus hearing, modified the decree and granted the father specific visitiation rights. The court also ordered the father to pay $200 per month child support. The mother appeals. We affirm.
When the trial court is presented evidence ore tenus in a case of this nature, its judgment is presumed to be correct and will not be set aside by this court unless it is so unsupported by the evidence that it is plainly and palpably wrong. Brannonv. Brannon, 477 So.2d 445 (Ala.Civ.App. 1985); Porter v.Porter, 477 So.2d 433 (Ala.Civ.App. 1985); Nowell v. Nowell,474 So.2d 1128 (Ala.Civ.App. 1985).
Moreover, the trial court has much discretion in determining the visitation rights of the noncustodial parent. Parker v.Pritchett, 454 So.2d 1022 (Ala.Civ.App. 1984); Brothers v.Vickers, 406 So.2d 955 (Ala.Civ.App. 1981). The court's exercise of that discretion will not be reversed except for an abuse of that discretion. Price v. Price, 440 So.2d 1110
(Ala.Civ.App. 1983); Laurent v. Laurent, 434 So.2d 266
(Ala.Civ.App. 1983).
The mother, through able counsel, has failed to show any abuse of the trial court's discretion in the present case. The cases cited by the mother in brief are inapposite, as they concern child custody modification proceedings, not the determination of visitation rights.
In exercising its discretion in awarding visitation, the trial court's primary consideration must be the best interests and welfare of the child. Laurent, 434 So.2d at 268; Brothers, 406 So.2d at 958. Each case must be decided on its own facts and the personalities involved. Brothers, 406 So.2d at 959.
The evidence in the record supports the trial court's decision to award visitation rights to the father and shows that there was no abuse of the trial court's discretion. There was testimony that the father is no longer abusing or dependent upon drugs. The father, moreover, testified that he loved his son and that he desired to visit with him and have a part in bringing him up. The father also testified that he was ready, willing, and able to pay reasonable child support. Such evidence amply supports the decision of the trial court.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 1294