This is a child custody modification case.
The parents were divorced in June 1984. Custody of the two minor children, now ages seven and five, was awarded to the mother. Liberal visitation privileges were granted to the father.
Prior to and subsequent to the divorce, the mother had been seriously ill with cancer. The illness caused her to undergo treatments and to be hospitalized for periods of time. During these periods the maternal grandparents spent considerable time with the children. In August 1985 the mother died, and since that time the father has had physical custody of the children. In September 1985 the grandparents filed a petition, requesting legal custody of the children or, in the alternative, liberal visitation privileges.
After an ore tenus hearing, the trial court awarded custody of the minor children to the father, subject to visitation rights of the grandparents. The grandparents appeal. The father cross-appeals. We affirm.
In a child custody case the primary concern is the best interests and welfare of the child. Price v. Price,440 So.2d 1110 (Ala.Civ.App. 1983). To that end the trial court has discretion in both awarding custody and establishing visitation. Therefore, the trial court's determination of these matters will not be disturbed absent a showing of a clear abuse of that discretion. Price, 440 So.2d at 1110. *Page 1120 
Moreover, in a child custody case in which the evidence was presented to the trial court ore tenus, that court's determination is presumed correct and will not be overturned unless it is so unsupported by the evidence that it is plainly and palpably wrong or an abuse of that court's discretion.Grimwood v. Grimwood, 465 So.2d 1167 (Ala.Civ.App. 1985).
The grandparents contend that the trial court erred in awarding custody to the father. We disagree. The standard to be applied in this case is that applied by the Alabama Supreme Court in Ex parte Terry, 494 So.2d 628, 632 (Ala. 1986):
 " 'The prima facie right of a natural parent to the custody of his or her child, as against the right of custody in a nonparent, is grounded in the common law concept that the primary parental right of custody is in the best interest and welfare of the child as a matter of law. So strong is this presumption, absent a showing of voluntary forfeiture of that right, that it can be overcome only by a finding, supported by competent evidence, that the parent seeking custody is guilty of such misconduct or neglect to a degree which renders that parent an unfit and improper person to be entrusted with the care and upbringing of the child in question. Hanlon v. Mooney, 407 So.2d 559
(Ala. 1981).' 428 So.2d at 59 [emphasis in Terry]."
See also Ex parte Mathews, 428 So.2d 58 (Ala. 1983); Ex parteBerryhill, 410 So.2d 416 (Ala. 1982), cited in Ex parte Terry.
In the present case, the father has not been found to be unfit. Rather, the trial court found that the father is providing a stable home for his daughters. Likewise, there has never been a prior decree awarding custody to a nonparent. " '[W]hen a decree awards custody to one parent, without a finding that the noncustodial parent is unfit, then the noncustodial parent [should] not [be] deprived of his prima facie right to custody, except as against that custodial parent.' " Terry, 494 So.2d at 633 (brackets in Terry). Put another way, in addition to the father's not being found "unfit," there is ample evidence to support a conclusion that he is in fact "fit." The record reveals that the father has remarried and lives in a spacious new home. The evidence also shows that the father's family situation is close, with a healthy, strong, yet relaxed relationship. The father has been described to be a person of integrity with a good general reputation in the community. Therefore, we conclude that the trial court neither erred nor abused its discretion in awarding custody to the natural father as opposed to the grandparents.
The grandparents' second contention is that the visitation award granted by the trial court is inadequate. Whereas, the father on cross-appeal contends that the awarded visitation rights will be detrimental to the children's best interests.
Ala. Code (1975), § 30-3-4, provides:
 "At the discretion of the court, visitation rights for grandparents of minor grandchildren shall be granted in the following cases:
 "(a) Divorce proceedings, whether granted previously or subsequently to February 28, 1983; and
 "(b) Situations concerning the death of a parent related by blood to the grandparents."
This statute has been construed as authorizing the trial court in its discretion to award visitation privileges to the grandparents in certain cases. Stricker v. Stricker,474 So.2d 1146 (Ala.Civ.App. 1985). As the trial court opined, a court should ordinarily refrain from invading the authority of a parent to govern the time of his minor children. However, the legislature has vested the courts in certain cases with discretion to determine the grandparents' right to visit with the grandchildren.
The trial court here found the relationship between the grandparents and the father to be strained and hostile. Importantly, the court found that the grandparents played an important role in the lives of the children, and, if the court did not intervene, the children would probably get to spend *Page 1121 
very little time with their grandparents. The evidence shows that, prior to the death of the mother, the children spent a considerable amount of time with the grandparents. The grandparents had the sole responsibility of the children and saw to it that they were well provided for. The record also reveals that the grandparents provided excellent care and supervision of the children. However, since the father has had custody of his daughters, the children have spent very little time with the grandparents except as directed by a court order. The trial court's award of visitation rights is, therefore, clearly supported by the evidence.
Concerning the adequacy of the visitation privileges, the trial court has great discretion in such matters, and its determination will not be disturbed absent a showing of a clear abuse of that discretion. Price, 440 So.2d at 1110. The trial court awarded the grandparents visitation privileges with the children one weekend each month (except July), two weeks during the summer, and on certain holidays. In view of the fact that the two minor children have been living with the father and stepmother since August 1985 and have established a close family relationship, we cannot say that the trial court erred in not awarding more liberal visitation rights with the grandparents; therefore, we find no abuse of discretion.
Finally, the father argues that Ala. Code (1975), § 30-3-4, violates his due process of law under the fourteenth amendment. While this argument was set out in his answer, the father did not raise this issue at trial. Nevertheless, we find no merit in this argument. The Alabama legislature recognized that there are situations where grandparents, following the death of a natural parent related to them, may have interests relating to the grandchildren. These interests, therefore, justify a court in its discretion to intervene to insure that the children are not deprived of their relationship and companionship of these grandparents. Therefore, we fail to see any constitutional infirmity in § 30-3-4, Ala. Code (1975).
Counsel for both parties have favored this court with excellent briefs, for which we are grateful.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.