This is a child visitation case.
The mother petitioned the Circuit Court of Coffee County to modify the father's visitation which had been granted under the parties' South Carolina divorce decree. The circuit court, exercising jurisdiction pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA), Ala. Code (1975), §§ 30-3-20 through -44 (1983 Repl. Vol.), granted the mother's petition.
The father appeals. We affirm.
The father contends on appeal that the trial court improperly assumed jurisdiction of the case under the UCCJA to address the matter of visitation.
Ala. Code (1975), § 30-3-23 provides:
 "(a) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
"(1) This state:
 "a. Is the home state of the child at the time of commencement of the proceeding."
The record reflects that the mother and child had resided in Alabama for approximately seventeen months prior to the mother's filing of the instant petition to modify. Clearly, therefore, the trial court had jurisdiction of the petition pursuant to § 30-3-23(a)(1)a., as Alabama was the child's home state at the commencement of the proceeding.
We would note that one of the purposes of the UCCJA is to
 "[a]ssure that litigation concerning the custody of a child [including visitation rights, see Ala. Code (1975), § 30-2-22(2)] take place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available. . . ."
Ala. Code (1975), § 30-3-21(a)(3). This purpose is particularly carried out by the trial court's exercising jurisdiction in this case. Virtually all the significant evidence concerning the child's present care would originate in Alabama, rather than South Carolina. The latter state, moreover, is no longer even the home of the father, who, at the time the mother filed her petition to modify, was residing in Georgia.
It is interesting, if not dispositive, that, at the beginning of the trial of this case, the father actually stipulated that the trial court had "jurisdiction not only to try the case, but to dispose of all issues."
At any rate, we find no error in the trial court's exercising jurisdiction in this case under the UCCJA to modify the father's visitation rights.
The father also contends on appeal that the parties' South Carolina divorce decree should have been given full faith and credit by the trial court. In view of our conclusion that the trial court properly exercised its jurisdiction under the UCCJA to modify the visitation provisions of the parties' divorce decree, we find this further contention of the father to be without merit.
We would additionally point out that the primary consideration in establishing visitation rights for the noncustodial parent is always what is in the best interest and welfare of the child. See Green v. Green, 474 So.2d 1135
(Ala.Civ.App. 1985). In this regard the trial court has broad discretion in awarding visitation, and its judgment regarding the same will not be reversed except for an abuse of that discretion. See Stricker v. Stricker, 474 So.2d 1146
(Ala.Civ.App. 1985). Needless to say, we find no such abuse in this case.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur. *Page 532