This is a child visitation case.
The paternal grandparents of the minor child, who was then almost one year old, petitioned the Circuit Court of Morgan County to award them reasonable visitation rights with regard to the child.
Following ore tenus proceedings, the trial court granted the grandparents visitation rights.
The child's mother appeals. We affirm.
The record reflects that the child, a boy, was born in March 1986. Prior to his birth, the child's father — the grandparents' son — was killed. Approximately three months after the child's birth, the mother remarried, and her present husband subsequently adopted the child.
From the time of the child's birth until a disagreement between the parties around Christmas 1986, the grandparents, who apparently live nearby, regularly visited with the child. After the mother began to prevent their visiting with the child, the grandparents initiated the instant suit.
At the outset we note that our review of this case is governed by the ore tenus rule. Because the evidence was presented to the trial court sitting without a jury, its judgment is presumed to be correct and will not be set aside on appeal absent a showing that such judgment is so unsupported by the evidence as to be plainly and palpably wrong. Durham v.Heck, 479 So.2d 1292 (Ala.Civ.App. 1985).
In addition, we would note that the visitation rights of the grandparents are a matter generally entrusted to the discretion of the trial court. Cockrell v. Sittason, 500 So.2d 1119
(Ala.Civ.App. 1986). Cf. Durham, 479 So.2d 1292. Moreover, under these particular facts, where the child's father — the grandparents' son — has died, discretion to grant visitation rights to the grandparents has been vested in the trial court by the Alabama Legislature. Ala. Code (1975), § 30-3-4(b) (1983 Repl.Vol.). The trial court's exercise of this discretion will not be reversed by this court unless it is shown that the trial court abused such discretion. Cockrell, 500 So.2d 1119.
The mother has shown no abuse of the trial court's discretion in this case.
The evidence reflects that the grandparents are people of good character who exhibited a genuine love and concern for their grandson and for maintaining a relationship with him. There was evidence that, until the dispute which arose at Christmas 1986, the grandparents had attempted to maintain an amiable relationship with the mother after their son's death, even after the mother remarried. Indeed, the mother's new husband testified that the grandmother "has always been one of my favorite people." Both the mother and her new husband testified that they would try to cooperate with the grandparents if the latter were awarded visitation rights.
The mother contends that the trial court abused its discretion in awarding visitation to the grandparents because they did not show that they had an established relationship with the child. The mother contends that those cases in which visitation rights have been granted to grandparents under Ala. Code (1975), § 30-3-4(b), have been where it was shown that the grandparents had a previously existing, even substantial, relationship with the child. See, e.g., Cockrell,500 So.2d 1119.
We disagree with the mother's attempt to limit the trial court's discretion granted by the statute. The clear wording of § 30-3-4(b) cannot possibly be construed to place such limits on the trial court.
We would note, however, that, in this court's opinion, the evidence reflects that the grandparents did have a previously existing relationship with the child which began around the time of the child's birth and continued until the mother denied visitation. *Page 593 
Certainly, that relationship could not be as substantial as that between grandparents and an older child. It appears to this court, however, that the relationship was as substantial as one might expect between grandparents and a child who is less than one year old.
The mother also strongly contends that the trial court abused its discretion in granting visitation rights due to the fact that the child had been adopted by her new husband.
Although at one time in this state adoption automatically cut off the grandparents' visitation rights, such has not been the case since 1984 when the legislature enacted what is now codified as Ala. Code (1975), § 26-10-5(b) (1986 Repl.Vol.). Under this statute, following a final order of adoption, "at the discretion of the court, visitation rights for the natural grandparents of the minor grandchildren may be maintained, or allowed upon petition of modification at any time after the final order of adoption is entered."
We should not be understood as saying that, in a case of this nature where a child has been adopted by his stepfather, visitation rights should always be given to the natural grandparents. Under different facts than those now before us, adoption by the wife's new husband — the child's stepfather — would certainly be an important factor in the trial court's determination of whether to award visitation rights to the grandparents.
However, under the totality of the circumstances in this case, including the fact that the mother's husband did not initiate proceedings to adopt the child until after the grandparents had filed the instant suit, we cannot say that the trial court abused its discretion in awarding visitation to the grandparents.
In all questions regarding visitation, the primary consideration is the best interests and welfare of the child.Durham, 479 So.2d 1292; Laurent v. Laurent, 434 So.2d 266
(Ala.Civ.App. 1983). The mother has presented nothing to this court which in any way indicates that the award of visitation to the grandparents was not in the child's best interests.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.