This is a child visitation case.
Following extensive post-divorce proceedings, the Morgan County Circuit Court entered a judgment in which it granted the father visitation rights with his minor daughter, but only in the presence of the mother, or someone designated by her, or one of the father's parents. The trial court ordered the father to continue to receive professional psychiatric counseling. The trial court also ordered forfeited the father's bond due to his noncompliance with prior court orders, and it required the father *Page 465 
to post another bond to guarantee compliance with the terms of the present decree.
The father appeals all of these matters. We affirm.
The award of visitation rights to the noncustodial parent is a matter within the discretion of the trial court. Durhamv. Heck, 479 So.2d 1292 (Ala.Civ.App. 1985).
The father contends that the trial court abused its discretion in this instance because it refused to grant him unsupervised visitation. We disagree.
In all questions of child custody and visitation, the primary consideration is the child's best interests and welfare.Durham, 479 So.2d 1292; Green v. Green,474 So.2d 1135 (Ala.Civ.App. 1985). There was evidence in the record from which the trial court could have determined that it would not be in the child's best interests for the father to be awarded unsupervised visitation with her. In particular, we note the evidence which indicates that the father has suffered and may continue to suffer from psychological or emotional problems requiring professional counseling and that apparently on some occasion the father has taken the child from one state to another and the mother was required to go and get the child.
Because the evidence was presented to the trial court oretenus, its judgment is presumed to be correct and will not be set aside on appeal absent a showing that such judgment is so unsupported by the evidence as to be plainly and palpably wrong. Breazeale v. Hayes, 489 So.2d 1111
(Ala.Civ.App. 1986); Durham, 479 So.2d 1292.
In view of the evidence, particularly that noted above, we cannot say that the judgment of the trial court is plainly and palpably wrong.
We would also note at this point that, because the trial court must be guided by the best interests of the child, we think the father's contention that the trial court erred in requiring him to continue to receive professional psychiatric counseling is without merit.
The father also contends that the trial court erred in ordering that the bond he had earlier posted be forfeited due to his failure to comply with prior court orders and in requiring that he post a new bond to guarantee compliance with its present decree. We disagree.
As the father concedes in brief, the trial court has discretion to enforce its orders through requiring the posting of a bond or through other process. Breazeale,489 So.2d 1111. We think the record amply supports the trial court's determination that the father's posted bond was due to be forfeited, as well as its decision to require him to post a new bond.
There was evidence from which the trial court could reasonably conclude that the father had violated its past orders by failing to provide it with complete reports of his psychological or psychiatric counseling and by willfully refusing to appear on the date originally scheduled for the trial of this case. Such evidence indicates that there was no abuse by the trial court in ordering the forfeiture of the already existing bond.
We think that this evidence also supports the trial court's decision to require the father to post a new bond. In addition, however, the trial court had before it evidence that the father, as well as his parents, has not fully complied with its prior orders regarding supervised visitation with the child and evidence that the father has apparently on one occasion taken the child from one state to another. Clearly, in view of this evidence there was no abuse of the trial court's discretion in its ensuring compliance with its decree by requiring the father to post a new bond.
The mother has requested an attorney's fee for representation on appeal. A fee of $1,500 is hereby awarded.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur. *Page 466