This is a divorce case.
After approximately 22 years of marriage, the wife filed for divorce, alleging incompatibility. After an ore tenus proceeding, the divorce was granted and, inter alia, custody of the couple's son was granted to the wife with provisions for the husband's visitation restricted pending further orders from the trial court. The husband was directed by the trial court to submit to a mental examination prior to the trial court's further order regarding visitation. The husband's post-trial motion to reconsider was denied and he appeals.
The husband raises two issues on appeal: (1) Did the trial court abuse its discretion in restricting the husband's right of visitation until results were reported from an ordered psychiatric examination? (2) Did the trial court abuse its discretion in denying the husband's motion for a rehearing based on his contention that his attorney failed to call certain witnesses he requested?
At the outset, we note our limited standard of review in divorce cases where the trial court receives ore tenus evidence. A presumption of correctness attaches to the judgment, and unless the evidence shows the trial court to be palpably wrong, we must affirm. Blankenship v. Blankenship,534 So.2d 320 (Ala.Civ.App. 1988).
Our review of the record reveals that only a brief summary of certain pertinent facts is necessary. At the time of the wife's original complaint she requested, and was granted, a restraining order against the husband because she feared he might harm her or their son.
There was testimony that the husband indicated suicidal tendencies to the wife and others during the pendency of the divorce and exhibited some irrational behavior. The husband was voluntarily hospitalized during this action, and the subpoenaed medical records indicated that he was diagnosed as being depressed, paranoid and suicidal. Commitment was considered prior to his release.
 I
The husband first contends that the trial court abused its discretion in restricting his visitation rights.
The trial court has broad discretion in determining visitation rights, and its judgment must be affirmed unless it is unsupported by the evidence. Caldwell v. Fisk, 523 So.2d 464
(Ala.Civ.App. 1988); and Andrews v. Andrews, 520 So.2d 512
(Ala.Civ.App. 1987). The trial court primarily considers what is in the best interests and welfare of the child in determining visitation rights for a non-custodial parent.Caldwell, supra, and Jackson v. Jackson, 520 So.2d 530
(Ala.Civ.App. 1988);. Further, each child visitation case must be decided on its own facts and circumstances. Fanning v. Fanning,504 So.2d 737 (Ala.Civ.App. 1987).
While it is a rare and exceptional case, there are circumstances where it is reasonable, and in the best interests of the child, to not be required to visit a non-custodial parent because of his unwillingness or fear *Page 1117 
to do so. It is an extreme decision that restricts an otherwise relatively qualified parent from visiting his child. Hagler v.Hagler, 460 So.2d 187 (Ala.Civ.App. 1984).
In the present case, there was ample evidence supporting the trial court's determination that it was not in the child's best interests for the husband to be awarded unrestricted visitation rights at this time. Particularly, we note evidence indicating the husband's psychological and emotional instability requiring professional counseling and medication during the time this action was pending. The evidence, viewed with the child's best interests as the primary consideration, supports the judgment of the trial court. We find that the trial court correctly exercised its sound discretion in restricting the husband's visitation rights, and its judgment is not plainly and palpably wrong.
 II
The husband next contends that the trial court abused its discretion in denying his motion for a rehearing based on his allegation that his attorney failed to call requested witnesses.
The husband testified that he had given his attorney a list of witnesses to subpoena on his behalf. At the hearing on his post-trial motion, his trial counsel was called to testify by the husband's new attorney. The trial counsel testified that the husband gave him a list of names that "seemed to grow from day to day." He testified that he was asked by the husband to contact them to determine if their testimony would be beneficial, but that he was not provided addresses to contact the people. He further testified that some of them he talked with before trial, he subpoenaed and utilized as witnesses, and others he did not. The husband fails to comply with Rule 28, Alabama Rules of Appellate Procedure, in that he cites no authority to support his contentions as to this issue. Accordingly, we must affirm. Barnhill v. Barnhill,516 So.2d 725 (Ala.Civ.App. 1987).
The wife's request for attorney's fee on appeal is granted in the amount of $500.
The decision of the trial court is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.