This is a child custody modification case.
Wendy K. Alexander (mother) and Thomas Alexander (father) were divorced in March 1989. Pursuant to an agreement, custody of their son was awarded to the mother, subject to visitation with the father, and the father was ordered to pay $300 per month in child support. In 1991 and 1992, the father filed petitions to modify the provisions of the divorce decree relating to visitation and custody. They were subsequently modified by agreement of the parties and incorporated into the trial court's order, providing that the parties would share custody of the minor child, with the child residing primarily with the mother, and that the father would have specific periods of visitation.
A third petition to modify was filed by the father in May 1992, wherein he requested custody of the minor child and support from the mother. A guardian ad litem was appointed to represent the child's interests. The mother filed a counter-petition, requesting full custody with the father providing support.
After ore tenus proceedings, the trial court found that the mother "has more interest in her romantic and sexual encounters than she does in providing a wholesome and stable home for the minor child," and that the father "maintains a stable, moral, wholesome lifestyle in which to rear the young son." The trial court awarded the care, custody and control of the minor child to the father, subject to specific visitation with the mother. The mother was ordered to not remove the minor child from the jurisdiction of the court and to pay $145 per month in child support. The mother appeals.
The mother raises three issues on appeal: (1) whether the trial court applied the appropriate standard to modify custody, (2) whether the trial court's change of custody based upon the mother's alleged sexual misconduct was in error, and (3) whether the trial court abused its discretion in restricting the mother's visitation with the minor child.
Our standard of review in custody matters where the evidence is presented ore tenus is limited. Modification of child custody is a matter which falls within the discretion of the trial court. Hester v. Hester, 460 So.2d 1305
(Ala.Civ.App. 1984). A trial court is afforded great discretion when determining matters of child custody. Its judgment is presumed correct and will not be disturbed on appeal absent an abuse of discretion or where it is shown to be plainly and palpably wrong. Benton v. Benton, 520 So.2d 534 (Ala.Civ.App. 1988).
The best interests of the child standard is applicable to situations where custody has not yet been determined by the court. Ex parte Couch, 521 So.2d 987 (Ala. 1988).
 "When there is a prior custody decree, the parent seeking the change in custody must show that a material change in circumstances has occurred since the last decree, that a change in custody will materially promote the child's best interests, and that the benefits of the requested change will more than offset the inherently disruptive effect caused by uprooting the child."
Poe v. Capps, 599 So.2d 623, 624 (Ala.Civ.App. 1992), citingEx parte McLendon, 455 So.2d 863 (Ala. 1984). The McLendon
standard commands a more stringent burden of proof than theCouch standard. Clayton v. Clayton, 598 So.2d 929
(Ala.Civ.App. 1992).
After a meticulous examination of the record and the trial court's order, we conclude that the trial court applied the appropriate standard of review based upon the factual history of this case. Although the order does not utilize the specific words "materially promote," it expressly states that there has occurred, "such a change of circumstances affecting the welfare of the minor child as to necessitate a custodial change," and that "the presumption against a change of custody is overcome and that in consideration of the welfare of the minor son of the parties, the custody needs to be changed." The specific language used by the trial court properly conforms to the requirements established byMcLendon. *Page 435 
Before a trial court may deny custody on the basis of sexual misconduct, it must be shown that such misconduct is "detrimental to the child." Smith v. Smith, 586 So.2d 916, 918
(Ala.Civ.App. 1991). Additionally, indiscreet behavior is but one factor for the trial court to consider, and there must be evidence presented showing that such misconduct is detrimental to the child. Smith v. Smith, 464 So.2d 97
(Ala.Civ.App. 1984).
In the instant case, testimony was presented that reflected poorly upon the mother. In addition to other inappropriate behavior, the mother testified that while married to her current husband, who was residing in Texas, she and the minor child moved into a home occupied by three unrelated adult males. The evidence revealed that after a few months, the mother and the minor child then briefly lived with the mother's sister and her family. During that time, the parties entered into the agreement establishing shared custody. A provision of that agreement ordered that the mother "shall not exercise overnight custodial periods in the presence of a member of the opposite sex to whom she is not related by blood or marriage." The mother testified that she violated that order in May 1992, approximately one month later, by having a male companion live in her one-bedroom apartment, with her and the minor child, for a few weeks. The mother also testified that her companion subsequently moved into a nearby apartment, and that he was living there at the time of trial. When asked if she had sexual relations with that companion while the minor child was present in the home, the mother stated "not that I can recall." Testimony, however, disclosed that the mother and the companion shared a bed, and that the minor son had seen them together in bed. The mother testified that she and her companion were fully clothed at the time. Additionally, the father testified to seeing the companion at the mother's apartment most of the time when picking up his son for visitation.
The trial court is in the best position to see and hear the witnesses and to ascertain, after considering evidence presented ore tenus, whether there has been such a change in circumstances as to require a custodial change. Small v. Small,412 So.2d 283 (Ala.Civ.App. 1982). Considering the mother's admitted violation of the order of the trial court, her questionable lifestyle and moral values, and the evidence regarding the stability and wholesomeness of the father's home, we cannot say that the trial court erred in modifying custody. The evidence supports the trial court's findings regarding the mother's preference to place her romantic pursuits ahead of her responsibility for her child, and the finding that the more stable environment for the child can be provided by the father.
In exercising its discretion regarding visitation, the primary consideration of the trial court must be the best interests and welfare of the child and "[e]ach case must be decided on its own facts and the personalities involved."Durham v. Heck, 479 So.2d 1292, 1293 (Ala.Civ.App. 1985). "[T]he trial court has broad discretion in awarding visitation, and its judgment regarding the same will not be reversed except for an abuse of that discretion." Jackson v. Jackson,520 So.2d 530, 531 (Ala.Civ.App. 1988). There is a strong presumption that the judgment of a trial court is correct when it, as the fact finder, rules after receiving ore tenus evidence. Greenv. Green, 474 So.2d 1135 (Ala.Civ.App. 1985). Suffice it to say that we have carefully and thoroughly reviewed the entire record and find no error in the trial court's decision regarding visitation.
Based upon the foregoing, we cannot say that the trial court erred under the circumstances in restricting the mother's visitation with her young son. The judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur. *Page 436