THIGPEN, Judge.
This is a custody modification case.
Brenda Hicks (mother) and Timothy Hicks (father) divorced in 1989, and custody of their minor child was awarded to the mother. In January 1993, the father filed a petition seeking to obtain custody of the child. After ore tenus proceedings, the trial court entered an order in June 1993, changing custody to the father. Following a hearing on the mother’s post-judgment motion, the trial court entered an order making additional findings and affirming its prior order changing custody to the father. Hence, this appeal. The dispositive issue on appeal is whether the trial court abused its discretion in changing custody.
The record discloses that both parents have used drugs in the past. The father has remarried, and his current wife was pregnant at the time of the hearing on the modification petition. The father testified that he has settled down since his remarriage and that he can provide stability for the child. The mother testified that she was also pregnant at the time of the hearing, and that she had dated her unborn child’s father for several years, but that they were not married. Testimony at the hearing on the post-judgment motion indicated that they had married after the hearing on the petition for modification. The child’s teacher testified that on 18 occasions during one semester, the child had been tardy in arriving at school. The child’s progress report discloses eight absences and indicates that her grades were average to below average.
The trial court found that the mother “has been extremely unstable.” Record evidence discloses that she had numerous residence changes, including an eviction, and that she had previously lived with another family in a mobile home that was “overcrowded” and an “unacceptable” environment. Although the trial court found that the father had failed to timely pay child support in the past, it found that he had apparently been paying for the past two years. At the time of the hearing, the mother had been living in her current residence approximately five weeks. The father had been living in his current residence for over two years, and he had been employed by the same company for ten years.
In its order, the trial court specifically found that the environment that the mother provided the child “is unfit and unacceptable.” The court also stated: “About the best that the court can say about the environment that the father could furnish for this child is that it would almost have to be better than the one [the mother] has had.” The order denying the mother’s post-judgment motion stated that “the mother is an unfit person to have primary custody of this child” and that, although the father has been unfit, he “is far better suited, at this time, to have custody of this child.”
In custody modification cases, when evidence is presented ore tenus, the judgment of the trial court is presumed correct, and that judgment will not be reversed absent an abuse of discretion or a showing of plain and palpable error. Alexander v. Alexander, 625 So.2d 433 (Ala.Civ.App.1993). When there is a prior custody order, the party seeking modification must show that a material change in circumstances has oc- *16 eurred since the last order, that a change in custody will materially promote the child’s best interests, and that the benefits of the requested change will more than offset the inherently disruptive effect caused by uprooting the child. Ex parte McLendon, 455 So.2d 863 (Ala.1984).
The trial court is in the best position to see and hear the witnesses and to make a determination regarding the custody. Alexander, supra. Our review of the record, applying the attendant principles, reveals that, while neither parent is a model parent, there is evidence to support a finding that the father met his burden imposed by McLendon. Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
Each party’s request for attorney fees is denied.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.