I concur with the main opinion's analysis with regard to all of the issues except *Page 497 
visitation. I disagree with the conclusion reached in the main opinion that the trial court's visitation award requires reversal. Accordingly, I must respectfully dissent from that part of the opinion.
An initial award of visitation "`is a matter that rests soundly within the broad discretion of the trial court, and its determination regarding visitation must be affirmed absent a finding that the judgment is not supported by any credible evidence, and that the judgment, therefore, is plainly and palpably wrong.'" Burleson v. Burleson, 875 So.2d 316,320-21 (Ala.Civ.App. 2003) (quoting Cohn v. Cohn,658 So.2d 479, 482 (Ala.Civ.App. 1994)). "The primary consideration in setting visitation rights is the best interest of the child."DuBois v. DuBois, 714 So.2d 308, 309 (Ala.Civ.App. 1998).
The main opinion's analysis of the visitation issue relies principally on this court's decision in Carr v.Broyles, 652 So.2d 299 (Ala.Civ.App. 1994). InCarr, this court reversed a trial court's order reducing the mother's visitation and requiring that all visitation be supervised by the mother's parents. In reaching its conclusion in Carr that supervised visitation was not necessary, this court explained that "[t]he testimony that the mother is capable of caring for her daughter during visitation was undisputed. There is no evidence that visiting in her mother's home has ever been, or will be, harmful to the daughter." Id. at 304. However, unlike the record inCarr, the record in this case reveals evidence from which the trial court could have concluded that unsupervised visitation with the wife would be detrimental to the children.
At trial, the husband testified that, when the parties separated for the first time, he did not allow the wife to take the children with her because he did not want the children to "be around" the wife's activities. Though the wife specifically testified that she had never used marijuana, the wife's former boss testified that the wife had confided to her that she had, in fact, used marijuana in the past. The wife admitted that she had been in a relationship with a man ("the former boyfriend") who used marijuana and had been in a rehabilitation program for substance abuse. The wife also admitted that her former boyfriend had been convicted for assault in North Carolina. The husband testified that the wife's former boyfriend had threatened the husband and that, as a result, the husband had moved out of his apartment for safety reasons. The wife stated that she had allowed her former boyfriend to visit with her when she was keeping the children. Also, though the wife stated that she and her former boy-friend were just "friends" at the time of the trial, she indicated that she was open to having a relationship with him in the future. Based on this evidence, I find that the trial court could have concluded that unsupervised visitation was not in the children's best interest at this time.
The main opinion also seems to rely on a sentence fromCarr, which states:
 "This court has upheld supervised visitation in cases in which there were allegations of abuse on the part of the noncustodial parent or in instances in which the noncustodial parent experienced severe psychological problems. See, e.g., I.L. v. L.D.L., Jr., 604 So.2d 425 (Ala.Civ.App. 1992); Y.A.M. v. M.R.M., 600 So.2d 1035 (Ala.Civ.App. 1992); Watson v. Watson, 555 So.2d 1115
(Ala.Civ.App. 1989); Caldwell v. Fisk, 523 So.2d 464 (Ala.Civ.App. 1988)."
Carr v. Broyles, 652 So.2d at 304. However, though this court has upheld supervised visitation in circumstances involving allegations of abuse or psychological problems, we have never held that supervised *Page 498 
visitation is limited only to such circumstances. Accordingly, in view of the discretion afforded to the trial court in child-custody determinations, and because I view the evidence presented at trial as sufficient to justify an order requiring supervised visitation for the wife, I would affirm the trial court's visitation award.