DONALDSON, Judge,
concurring in part and dissenting in part.
I concur in the main opinion except for that part reversing the trial court’s judgment regarding the visitation schedule.
“The trial court has broad discretion in determining visitation rights, and its judgment must be affirmed unless it is unsupported by the evidence. Caldwell v. Fisk, 523 So.2d 464 (Ala.Civ.App. 1988); and Andrews v. Andrews, 520 So.2d 512 (Ala.Civ.App.1987). The trial court primarily considers what is in the *1183 best interests and welfare of the child in determining visitation rights for a noncustodial parent. Caldwell, supra, and Jackson v. Jackson, 520 So.2d 530 (Ala.Civ.App.1988). Further, each child visitation case must be decided on its own facts and circumstances. Fanning v. Fanning, 504 So.2d 737 (Ala.Civ.App.1987).”
Watson v. Watson, 555 So.2d 1115, 1116 (Ala.Civ.App.1989).
In this case, the record shows that the trial court applied the appropriate standard. The question presented on appeal is not whether the appellate court views the visitation order to be in the best interest of the child, but whether the appellant has established that the trial court’s finding that the order is in the best interest of the child is “ ‘ “clear or palpable error, without the correction of which manifest injustice will be done.” ’ ” D.B. v. J.E.H., 984 So.2d 459, 462 (Ala.Civ.App.2007) (quoting Clayton v. State, 244 Ala. 10, 12, 13 So.2d 420, 422 (1942), quoting in turn 16 C.J. 453). Because the decision is for the trial court to make and because I cannot hold that the visitation schedule exceeds the broad discretion of the trial court, I respectfully dissent from that portion of the opinion reversing the trial court’s visitation order.