The Circuit Court of Jefferson County granted the mother's petition regarding enlarged visitation privileges with her minor son. The father, through able and experienced counsel, appeals and the dispositive issue is whether the trial court abused its discretion in granting the mother additional visitation privileges.
We find no error requiring reversal and affirm.
It is not necessary, prudent, nor in the best interest of all concerned to detail the facts surrounding this appeal as revealed by the record. Suffice it to say, the facts are somewhat unusual. Additionally, while there is ample evidence that both the mother and father love the two year old child and are "good" parents, there is also evidence regarding both parents which some might view as having a detrimental effect upon the child. Again, we emphasize our reluctance to detail this evidence.
In any event, in the original custody proceeding the trial court awarded custody to the father and awarded the mother the following visitation privileges:
 "2. The mother, Janice Lee Sumner, is awarded the right of visitation with said child one day each week from 8:00 a.m. until 6:00 p.m., the specific day of visitation to be mutually agreed upon by the parties. Said visitation shall be in the home of the father; however, the mother shall have the right during said period to take the child with her for shopping, outings, etc., except that the child shall not be taken to the co-operative housing on Lakeview Crescent or in the presence of Steven Guesman.
 "a. The mother shall have the right to pick up the child after 9:00 a.m. on one Sunday of each month, to be mutually agreed upon by the parties, and to take the child to the home of the maternal grandparents, Mr. and Mrs. Hal Sumner, for visitation until the following morning at which time Mrs. Hal Sumner shall return the child to the father prior to 7:00 a.m. on Monday.
 "b. The mother shall further have the right of visitation with the child at the home of the father from 9:00 a.m. to 12:00 noon on the child's birthday and on Thanskgiving from 9:00 a.m. to 12:00 noon.
 "3. The parties shall six months from the date of this order review with Dr. Tom Vaughn the terms of visitation as set forth herein; and in the event the father should move from the State of Alabama, the parties shall similarly consult with Dr. Vaughn."
After an ore tenus hearing, the trial court entered the following order regarding visitation privileges of the mother:
 "ORDERED, ADJUDGED AND DECREED that the Petition to Modify is granted in the following manner:
 "The mother, Janice Lee Sumner is awarded the right of visitation with said child two days each week, Monday and Thursday, from 8:00 a.m. to 6:00 p.m. Said mother shall have the right to take said child during such periods to her own home or to take the child with her for shopping or outings.
 "The mother shall have the right to pick up the child on the first and third weekends of each month at 5:00 p.m. on Friday and return the child on Sunday at 6:00 p.m., and may take the child to her home.
 "The mother shall further have the right to take the child on alternate years of Thanksgiving, Christmas, Easter, and the child's birthday, beginning in 1982. The child shall be with the father on Easter and the mother on the child's birthday in 1983, and these days shall be alternated each year thereafter. When *Page 792 
the child shall be with the said mother that visitation shall be from 9:00 a.m. to 8:00 p.m., of that day."
The father in an excellent brief filed with this court contends there has not been such a change in circumstances to justify modifying visitation. The mother in brief alludes to the fact that under the terms of the original decree no change in circumstances is necessary.
In the instant appeal this court sees little to be gained by attempting to resolve the above question, if it be a question.
The trial court has wide discretion in the settlement of visitation rights. This discretion exists whether it be an original custody proceeding or a modification proceeding.Whiteport v. Whiteport, 283 Ala. 704, 220 So.2d 891 (1969); 8 Ala. Digest, Divorce, Keys No. 299 and 303 (4). Each case must be decided on its own peculiar facts and personalities involved.Mockridge v. Mockridge, 278 Ala. 79, 175 So.2d 772 (1965). Furthermore, as in all cases heard ore tenus, our review of the trial court's order is controlled by the principle that the court will not substitute its judgment for that of the trial court, and will reverse only where the evidence shows it to have been plainly and palpably wrong and unjust. Allen v. Allen,385 So.2d 1323 (Ala.Civ.App. 1980). The personal contact of the trial court with the parties and witnesses gives the trial court an opportunity for personal observation which we do not have, and which accounts for the presumption we accord its decrees.Mockridge v. Mockridge, supra.
In this instance, viewing the totality of the circumstances, including, but not limited to the wording of the original decree, we do not find any abuse of discretion requiring reversal. The increased time that the mother may now spend with the child may ensure a more stable and lasting mother-son relationship.
For this court to reverse would require that this court substitute its judgment for that of the trial court. This, as indicated above, the law does not permit. Sutton v. Sutton,55 Ala. App. 254, 314 So.2d 707 (1975).
We would be remiss in not further commenting. It might be well for all parties concerned to concentrate their efforts on the best interest of their two year old son. Court proceedings where facts and circumstances must necessarily be "aired" may well have at some future time a detrimental effect on the child.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.