Betsy Claire Fanning and Timothy Charles Fanning were divorced in April 1984. Custody of the parties' two minor children was given to the mother with the father receiving limited visitation rights. In November 1985, the father filed a petition in the Circuit Court of Jefferson County for modification and rule nisi, alleging that the mother was violating the final divorce decree by not allowing visitation called for in the decree. The mother answered the petition and cross-petitioned for rule nisi, claiming her former husband had failed to pay child support. She also cross-claimed for modification of the decree, requesting an increase in child support payments.
The trial court denied the father's petition for rule nisi, finding that the mother had been justified in limiting visitation. The court further found that visitation as it existed under the original decree was unworkable and required modification through expansion of visitation rights. The mother's cross-petition for rule nisi and petition for modification were both denied. The mother appeals the decision of the trial court to expand visitation rights, and we affirm.
The visitation provision in the decree of divorce was modified and expanded. The court deleted the former visitation provision, which read:
 "The defendant will be entitled to weekly non-cumulative visitation rights on alternate Sunday afternoons, from noon until 8:00 p.m. and one additional day per week from 8:00 a.m. until 8:00 p.m."
Substituted in place of this provision was the following:
 "The visitation schedule contained in the final decree is unworkable and must be amended. As the father has not seen the children for some time, visitation shall be structured as set out below to allow him a gradual re-acquaintance with the children. [It] is hereby ordered that he shall not, at any time, allow the children to be in the company of his brother, John Fanning. The final decree is hereby amended to change visitation to be as follows:
 "A. Beginning June 1, 1986, the defendant can visit the children the first and third Sundays of each month at the plaintiff's home from 1:00 P.M. until 5:00 P.M.
 "B. Beginning September 7, 1986, the defendant may take the children with him for visitation on the first and third Sundays of each month from 1:00 P.M. until 6:00 P.M. and from 9:00 A.M. December 26 until 6:00 P.M. December 28.
 "C. Beginning January 1, 1987, visitation shall be:
 "(1) The first and third weekends of each month from 6:00 P.M. Friday until 6:00 P.M. the following Sunday.
 "(2) Each Christmas Day from 3:00 P.M. until 3:00 P.M. on the following New Year's Day.
 "(3) Four weeks during the summer in two week intervals selected by the defendant, but upon written notice to the plaintiff at least thirty (30) days in advance of such visitation.
 "(4) Every other Thanksgiving Day from 10:00 A.M. until 6:00 P.M. of the same day beginning with the defendant having visitation on Thanksgiving of 1987.
 "(5) Alternate AEA Spring Holidays when the children are not in school commencing 6:00 P.M. Friday preceding the week of Spring Vacation through 6:00 P.M. Sunday, the day before resumption of school beginning with the defendant *Page 739 
having visitation during Spring Holidays of 1988.
 "Other and different times of visitation may be exercised by agreement of the parties, without prejudice to the other periods of prescribed visitation."
We note that a trial court has wide discretion in setting visitation rights. This discretion exists whether visitation is being determined at the original custody proceeding or at a modification proceeding. Matter of Hughes, 434 So.2d 790
(Ala.Civ.App. 1983). The decision of the trial court will not be reversed absent a plain and palpable abuse of discretion.Matter of Stewart, 481 So.2d 899 (Ala.Civ.App. 1985). The appellant contends that the trial court committed reversible error in modifying the original divorce decree because no positive change of circumstances was proved. However, cases in Alabama have consistently held that the primary consideration in setting visitation rights is the best interests and welfare of the child. Matter of Stewart, supra; Matter of Hughes,supra. Furthermore, each child visitation case must be decided on its own facts and circumstances. Matter of Hughes, supra.
The appellant contends that the trial court abused its discretion in modifying the divorce decree to allow expanded visitation rights. After reviewing the record, we cannot say that the trial court erred. There is evidence that the father has exhibited concern and affection for these children and that he shows a strong interest in their welfare. We note that the trial court has carefully restructured the father's visitation schedule to allow for a gradual reacquaintance with these children. The trial court took into consideration the fact that there was a charge against the father's brother for molesting one of the children and ordered the father to keep the children away from the brother at all times. There was evidence tending to show that it would be in the best interest of the children to be able to see and visit with both parents. Thus, the finding of the trial court is not so unsupported by the evidence as to be an abuse of judicial discretion.
The judgment of the trial court is affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.