This case concerns the modification of a parent's visitation rights.
The parties were divorced on August 25, 1987. Custody of the infant son, now age four, was awarded to the father. The mother was awarded the right to visit with the infant son "at all reasonable times and places."
The mother brought an action in May 1988, seeking to have the trial court establish "minimum times for visitation" between her and the infant son because she alleged that the father had refused reasonable and liberal visitation.
After an ore tenus hearing, the trial court awarded the mother the right to visit with her infant son at either the maternal grandmother's or the father's home at least twice a week for a period of not less than one hour. The trial court, based upon the evidence illustrated below, felt that overnight or unsupervised visits with the mother were not in the best interests of the infant son at this time.
The mother appeals, and the dispositive issue is whether the trial court erred by modifying the divorce decree and establishing a minimum visitation schedule.
When evidence is presented to the trial court ore tenus, that court's determination is presumed correct on appeal and will not be disturbed unless it is so unsupported by the evidence as to be plainly and palpably wrong or an abuse of that court's discretion. Cockrell v. Sittason, 500 So.2d 1119
(Ala.Civ.App. 1986).
The trial court has wide discretion in the settlement of visitation rights. This discretionary power exists whether it is an original custody proceeding or a modification proceeding.Matter of Hughes, 434 So.2d 790 (Ala.Civ.App. 1983). Each case must be decided based upon its own peculiar facts and the personalities involved. Ibid. Further, *Page 103 
the predominant consideration when visitation rights are concerned is the best interest and welfare of the child, and this court will not reverse the lower court unless there is a plain and palpable abuse of discretion. Robbins v. Robbins,460 So.2d 1355 (Ala.Civ.App. 1984).
The record reveals that the father freely admits to restricting the mother's access to their infant son. The testimony of the father and the maternal grandmother tends to indicate that the mother is either a bisexual or homosexual and that she has been, and is, engaged in a long-standing romantic relationship with another woman. Thus, the father, prior to the modification hearing, would not allow their infant son to stay overnight or to be "exposed" to the living arrangements that the mother maintains.
The mother has consistently denied being homosexual or bisexual. However, she also insists that, even if she were homosexual or bisexual, there would not be any adverse or detrimental effect upon their infant son by allowing him to stay overnight or to have unsupervised visits with her.
As respects this contention, the record reveals that the infant son was treated at a counseling center for sexually abused children after the paternal grandmother observed certain improper behavior. The psychologist who treated the infant son testified that he exhibited behavior which indicates that he may have been sexually abused by the mother.
The record also reveals that the mother has little, if any, income and that she apparently relies upon her live-in companion for support. Testimony elicited from an officer of the Northwest Alabama Drug Task Force establishes that the live-in companion, who also owns the home where she and the mother reside, has been under surveillance because of suspected illegal drug-related activities.
We have carefully reviewed the entire record and find no abuse of discretion by the trial judge. For this court to reverse would require us to reweigh the evidence and to substitute our judgment for that of the trial court; this the law does not allow. Hughes, 434 So.2d 790.
This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.