INGRAM, Presiding Judge.
The parties were divorced in 1985. Incorporated into the divorce decree was an agreement between the parties granting the mother and father joint care, custody, and control of the child. The agreement further provided that the child would reside primarily with the mother, with the father having access to the child at all reasonable times and places, subject to reasonable notice to the mother.
In 1987 the father filed a motion to modify the divorce decree and a motion for contempt of court. He alleged that there had been a material change in circumstances in that the mother left the state and would not allow him to visit with the child. He therefore requested that he be granted “full and legal custody” of the child. In response the mother petitioned the court to terminate the father’s visitation rights, alleging that the father had sexually abused the child and that he was no longer a fit and proper party to have any visitation with the child.
After an ore tenus proceeding the trial court, among other things, limited the father's rights to visit with his child. The trial court ordered that the father’s visits would be under the supervision of the Florida Department of Human Resources. The father appeals.
The father contends that the trial court modified the child custody provision of the original divorce decree and therefore erred as there was no material change in circumstances. He then cites numerous cases concerning standards to be applied when the trial court attempts to change custody from one parent to another.
However, what we have in the instant case is not a custody modification but, rather, a change or clarification in visitation rights. The record establishes that, prior to this present action, although both parties shared legal custody, the mother was the custodial parent as she was awarded primary physical custody of the child. The father was never awarded shared physical custody but, instead, only had rights to visit the child. See, Ex parte Couch, 521 So.2d 987 (Ala.1988); Beam v. Beam, 543 So.2d 700 (Ala.Civ.App.1989). Therefore, the father was the noncustodial parent.
Now, after the most recent order of the trial court, the mother and father still share legal custody of the child. The mother is still the custodial parent and the father is still the noncustodial parent. There has been no change in the custody arrangement. The trial court did, however, alter or clarify the father’s rights to visit or have access to the child.
It is well settled that a trial court has broad discretion when making a determination as to the award of visitation rights to a noncustodial parent. Andrews v. Andrews, 520 So.2d 512 (Ala.Civ.App.1987). Furthermore, after an ore tenus proceeding, the trial court’s decision is presumed correct. Andrews, supra. After a review of the record and in view of our standard of review, we find no abuse of the trial court’s discretion.
The father also raises several other issues concerning discretionary rulings of the judge. We find no merit in these arguments. We have reviewed each contention and find no abuse of discretion by the trial court.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.