This is a divorce case.
Carol Gilchrist (wife) and Tim Gilchrist (husband) were married in July 1992 and separated in May 1994. One child was born of the marriage in February 1994.
The wife filed a complaint for divorce in June 1994, wherein she requested that custody of the minor child be awarded to her. The husband filed an answer and a counter-complaint, wherein he requested that the trial court award joint custody of the minor child to the parties.
After a hearing the trial court issued its final decree. The trial court found that both the husband and the wife were "fit, suitable, and capable parents for the minor child of the parties." The trial court awarded joint custody of the minor child to the parties. The wife was awarded primary physical custody of the minor child, with liberal visitation rights vested in the husband. The trial court also ordered the husband to pay child support in the amount of $338 per month.
The wife appeals.
In her first issue the wife contends that the trial court committed reversible error because, she says, the amount of child support that the husband was ordered to pay was not determined in accordance with the child support guidelines of Rule 32, Ala.R.Jud.Admin.
The final decree issued by the trial court provided, in pertinent part:
 "4. The court has imputed income to the [wife] in the amount of twelve dollars ($12.00) per hour based on the expectation that she will pass the state boards and gain full-time employment as a registered nurse. The [husband] shall pay to the [wife] the sum of three hundred and thirty eight ($338.00) per month [for] child support commencing December 1, 1994, said award is in substantial compliance with Rule 32, A.R.J.A. . . . ."
Our review of the record reveals the following pertinent facts: During most of the marriage the wife was attending nursing school. The wife finished the RN program at nursing school on May 13, 1994, and took her state boards in July 1994. Unfortunately, she did not pass her state boards. At the time of the trial in November 1994, she was planning to take the state boards again and was waiting to receive an authorization number in order to schedule a date to retake her state boards.
At the time of the trial, the wife was employed at the Marion County Nursing Home, earning $5.17 per hour. In her child support obligation income affidavit, the wife stated that her monthly income was $896.
When questioned at trial about the earning potential of a RN, the wife testified that she expected to earn around $10 per hour, but that the salary range could be anywhere from $8 to $24 per hour, depending upon where you were working and what you were doing.
The trial court prepared two child support guideline forms. One form was prepared using the wife's actual monthly income of $896. This form determines that the husband's monthly child support obligation would be $445.63.
The second form was prepared with the trial court's imputing the wife's monthly income at $2,064. The trial court indicated on the form that this amount was derived by imputing an income of $12 per hour to the wife, based on the expectation that the wife would pass the state boards and gain full-time employment as a registered nurse. This form indicates that the husband's monthly child support obligation would be $338.40. As noted above, the trial court ordered the husband to pay the sum of $338 per month for child support.
Rule 32(B)(5), Ala.R.Jud.Admin., provides, in pertinent part:
 "If the court finds that either parent is voluntarily unemployed or underemployed, it shall estimate the income that parent would otherwise have and shall impute to that parent that income; the court shall calculate child support based on that parent's imputed income."
(Emphasis added.)
In Winfrey v. Winfrey, 602 So.2d 904, 905
(Ala.Civ.App. 1992), this court made the following *Page 1007 
statement concerning the language of Rule 32(B)(5):
 "The key word here is 'voluntarily.' The trial court must initially determine that the spouse is 'voluntarily' unemployed or underemployed before it may impute income to that spouse. The determination is to be made from the facts presented according to the judicial discretion of the trial court."
(Citations omitted.)
As noted above, the wife has not yet passed her state boards. Under the facts of this case, clearly, the wife is not unemployed and she is not "voluntarily" underemployed. For this court to find otherwise would require speculation as to the amount of income the wife may earn after she passes the state boards. If the wife does obtain employment with additional income, modification of the amount of child support may be available.
The judgment of the trial court relating to the amount of child support is reversed and the cause remanded to the trial court to calculate the child support obligation in accordance with Rule 32, Ala.R.Jud.Admin.
In her second issue the wife contends that the trial court abused its discretion when it granted visitation to the husband in the following manner:
 "a) Each Tuesday from 3:00 p.m. until Wednesday at 4:00 p.m.
 "b) Each Saturday from 3:00 p.m. until Sunday at 4:00 p.m.
 "c) Each Thursday from 3:00 p.m. until 8:00 p.m."
The remainder of the visitation schedule dealt with holidays and other special occasions.
The wife contends that the trial court erred when it established mid-week, overnight visitation for the husband. The wife also argues that this visitation schedule creates a fragmented and fractured lifestyle for the minor child and is not in the best interests of the minor child.
We would note that the paragraph in the final decree which established the visitation schedule contained the following statement:
 "The court further finds that [the minor child], date of birth being February 11, 1994, is entering the stage of life where relationships are developed and molded, and it is the court's desire to give both the [wife] and [the husband] ample opportunity during the child's development to each form a healthy bond with the minor child."
We would also note that the visitation schedule established in the final decree is similar to the visitation schedule which had been established by the trial court in its temporary order of June 20, 1994, and followed by the parties.
It is well settled that the trial court is afforded broad discretion when establishing visitation rights. Fanning v.Fanning, 504 So.2d 737 (Ala.Civ.App. 1987). The primary consideration when establishing visitation rights is to determine what would be in the child's best interests and welfare. Consequently, each case should be decided in light of its facts and circumstances. Fanning, 504 So.2d 737.
In the present case, because the trial court observed the parties and listened to their testimony prior to establishing the visitation schedule, it was in a better position to safeguard the minor child's best interests and welfare.Black v. Black, 625 So.2d 450 (Ala.Civ.App. 1993). We would also note that the evidence is overwhelming that the husband is devoted to the minor child. In light of the above, that portion of the trial court's judgment which deals with visitation is affirmed.
The judgment of the trial court is affirmed in part, reversed in part, and remanded.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
All the Judges concur. *Page 1008