The parties were married on September 2, 1978, and were divorced on June 13, 1997. A son and a daughter were born of the marriage; they were 15 and 13 years old, respectively, when the judgment of divorce was entered. Both parties appeal from the divorce judgment and raise several issues.
At the time of trial, the husband was 53 years old and the wife was 43 years old. The husband, who has both undergraduate and graduate degrees, earns approximately $118,000 a year as an engineer employed by the Department of the Army. The wife, who attended a community college for two years but does not have a college degree, has not been employed outside the home since the birth of their older child.
 I. Child Custody and Visitation
The trial court awarded the wife custody of the parties' two children. The husband was awarded standard visitation rights, except that his visitation schedule also includes every weekend from 6:00 p.m. Friday to 6:00 p.m. Sunday. The trial court ordered the husband to pay $1,418 in monthly child support and to maintain health insurance coverage for the children. The husband and wife were each ordered to pay one-half of the children's medical expenses not paid by insurance.
The husband argues that the trial court abused its discretion in awarding the wife custody of the two minor children. He argues that the trial court should have awarded the parties joint custody. This court has held:
 "Our standard of review is very limited in cases where the evidence is presented ore tenus. A custody determination of the trial court entered upon oral testimony is accorded a presumption of correctness on appeal, and we will not reverse unless the evidence so fails to support the determination that it is plainly and palpably wrong, or unless an abuse of the trial court's discretion is shown. To substitute our judgment for that of the trial court would be to reweigh the evidence. This Alabama law does not allow."
Phillips v. Phillips, 622 So.2d 410, 412 (Ala.Civ.App. 1993) (citations omitted).
The husband contends that joint custody is presumed to be in the best interest of the children and that the trial court did not state its reasons for not awarding joint custody. Section § 30-3-152(c), Ala. Code 1975, provides that it is presumed that joint custody is in the best interest of the child when both parents request joint custody, and that, in such cases, joint custody shall be awarded unless the court makes specific findings as to why joint custody is not granted. In this case, the husband requested joint custody and the wife requested sole custody. Thus, there is no presumption that joint custody is in the best interest of the children. The trial testimony shows that both parties are good parents. However, the wife has had the primary responsibility for caring for the children since their births. In addition, it appears, from a reading of the trial transcript, that the parties do not have an amicable relationship and that it is unlikely that they will cooperate and make joint decisions. Thus, we cannot say that the trial court abused its discretion or was plainly and palpably wrong in awarding the wife custody of the children.
The wife argues that the trial court abused its discretion in its award of visitation to the husband. Specifically, she contends that it is unfair for him to have visitation every weekend. The primary consideration in setting visitation rights is the best interest of the child. Speakman v. Speakman,627 So.2d 963 (Ala.Civ.App. 1993). Each child visitation case must be decided on its own facts and circumstances. Id.;Gilchrist v. Gilchrist, 660 So.2d 1005 (Ala.Civ.App. 1995);Cohn v. Cohn, 658 So.2d 479 (Ala.Civ.App. 1994); French v.Lyford, 636 So.2d 437 (Ala.Civ.App. 1994); Anonymous v.Anonymous, 620 So.2d 43 (Ala.Civ.App. 1993); and Fanning v.Fanning, 504 So.2d 737 (Ala.Civ.App. 1987). The wife testified that she makes an *Page 310 
effort to spend time with the children on weekends. In addition, the wife testified that she was involved in a church and regularly attended church with her children and that the husband rarely attended church. The husband testified that he wanted more than standard visitation rights. However, the wife argues that she is prevented from spending any "quality time" with the children because the husband has visitation every weekend. We agree. Considering that the wife plans on finding a job to support herself, it is clear that the visitation schedule, which effectively provides her visitation only on school nights, will not permit the children to spend any quality time with their mother. Both parents are good parents, and it is in the children's best interest to spend time with both of them. Because it is not in the best interest of the children to be prevented from spending any quality time with their mother, we hold that the trial court abused its discretion in awarding the husband visitation every weekend. Therefore, the visitation portion of the divorce judgment is reversed. On remand, the trial court is instructed to establish a visitation schedule that allows the children to spend weekends with each parent.
 II. Division of Property and Alimony
The trial court awarded the wife the marital home, valued at approximately $400,000, and provided that she would be responsible for a $210,000 indebtedness remaining on it. The court also awarded her certain household goods, furniture, and furnishings; a 1978 Mercedes automobile; the $6,475 the parties received in 1996 state and federal tax refund checks; her IRA, valued at approximately $5,000; the parties' joint checking and savings accounts, valued at approximately $3,000; the parties' IRA, valued at approximately $103; and the Monte Sano Club, Inc., pool membership. The wife was also awarded 50% of the husband's gross monthly annuity and a former-spouse survivor annuity under the Civil Service Retirement System. The wife will not receive the annuity until the husband retires and will not receive the survivor's annuity until the husband's death. The husband was ordered to assist his wife in obtaining any medical and dental insurance coverage that may be available to her through his employment. The wife was not awarded periodic alimony and the trial court did not reserve the right to award it later.
The husband was awarded all household goods and furnishings not awarded to the wife; shares of stocks in various corporations; the 1987 Cutlass Oldsmobile automobile; the 1984 Ford F150 truck; the Austin-Healy Sprite automobile; his IRA, valued at approximately $21,000; and his thrift savings account, valued at approximately $66,000. The husband appeals the award of 50% of his retirement to the wife. Section30-2-51, Ala. Code 1975, provides in pertinent part:
 "(b) The judge, at his or her discretion, may include in the estate of either spouse the present value of any future or current retirement benefits, that a spouse may have a vested interest in or may be receiving on the date the action for divorce is filed, provided that the following conditions are met:
 "(1) The parties have been married for a period of 10 years during which the retirement was being accumulated.
 "(2) The court shall not include in the estate the value of any retirement benefits acquired prior to the marriage including any interest or appreciation of the benefits.
 "(3) The total amount of the retirement benefits payable to the noncovered spouse shall not exceed 50 percent of the retirement benefits that may be considered by the court."
The wife was awarded 50% of the husband's retirement benefits; however, the husband had been accumulating his retirement benefits for 27 years and the parties had been married only 18 years. The statute prohibits the trial court from including in the estate the value of benefits that had been acquired before the marriage. § 30-2-51(b)(2). Therefore, the trial court erred in awarding the wife 50% of the husband's retirement annuity without first deducting "benefits acquired prior to the marriage."
The husband also argues that the trial court abused its discretion in its division of *Page 311 
the marital property, and the wife argues that the trial court abused its discretion by not awarding her periodic alimony and by not reserving this issue so that it can be addressed later. Because we reverse that portion of the trial court's judgment awarding the wife 50% of the husband's retirement benefits, we cannot determine whether the division of property or the failure to award periodic alimony was an abuse of discretion. Indeed, issues of alimony and division of property are interrelated, and, in determining whether the trial court abused its discretion in these awards, the appellate court must consider the entire judgment. Boykin v.Boykin, 628 So.2d 949 (Ala.Civ.App. 1993). Thus, we reverse the trial court's judgment as to division of marital property and alimony. On remand, the court is to consider the entire judgment in determining equitable awards.
The wife's request for an attorney's fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
YATES and THOMPSON, JJ., concur.
ROBERTSON, P.J., and CRAWLEY, J., concur in part and dissent in part.