MOORE, Judge.
. Parichat Sutchaleo (“the wife”) appeals from a judgment of the Calhoun Circuit Court (“the trial court”) divorcing her from Somboon Sutchaleo (“the husband”). We affirm the judgment in part and reverse it in part.
Procedural Background
In the judgment at issue, the trial court awarded the parties joint legal custody of the parties’ minor child and stated, with regard to the “placement” of the child:
“The [wife] shall have the placement of the ... child ... during the week beginning each Sunday at 6:00 p.m. and continuing through Eriday at 6:00 p.m.
“The [husband] shall have placement of the child ... each weekend beginning every Friday at 6:00 p.m. and continuing through Sunday at 6:00 p.m.”[1]
*478 The trial court also ordered the husband to pay to the wife $500 per month as child support. The judgment directed that the wife shall have the right to claim the child as a tax dependent for income-tax purposes in even-numbered tax years and that the husband shall have the right to claim the child as a tax dependent for income-tax purposes in odd-numbered tax years.
The trial court awarded the husband the full right, title, ownership, interest, possession, and control in and to the parties’ restaurant. The. husband also received a 1998 Mercedes automobile and a 1998 Ford F-150 truck. The wife received a 2008 Mazda automobile. The judgment also awarded various other personal property and assets to each party. In addition, the trial court ordered the husband to pay to the wife $22,000 in monthly increments of $1,000. The judgment reserved the issue of alimony pending the payment of the $22,000 to the wife.
The wife filed a postjudgment motion on April 27, 2Q16; the trial court entered an order denying that motion on May 18, 2016. The wife timely filed a notice of appeal to this- court on June 18, 2016.
Discussion
I. Visitation
The wife first argues on appeal that the trial court erred in fashioning the husband’s visitation schedule with the child. She asserts that, during the trial, she testified that she wanted sole physical custody of the child and that the 'husband be awarded standard visitation. Although the wife testified at the trial that she wanted sole physical custody of the child, the wife did not state that she wanted the husband to have standard visitation. On the contrary, the parties agreed that the husband would have “consistent visitation” with the child, which included visitation every weekend- while the divorce action was pending. At the close of the trial, the following exchange between the trial court and fhe wife occurred:
“The Court: Do you agree with [the] husband on the visitation? Does he have the child every weekend?
“[The wife].: That’s fine. The regular visitation that I have for him right now is fine.”
The trial court confirmed at the May 18, 2016, hearing on the wife’s postjudgment motion that the wife had testified that she was satisfied with the existing visitation schedule.
“The law is well settled that a party may not induce an error by the trial court and then attempt to win a reversal based on that error. ‘A party may not predicate an argument for reversal on “invited error,” that is, “error into which he has led or lulled the trial court.” ’ Atkins v. Lee, 603 So.2d 937, 945 (Ala. 1992) (quoting Dixie Highway Express, Inc. v. Southern Ry., 286 Ala. 646, 651, 244 So.2d 591, 595 (1971)). ‘That doctrine [of invited error] provides that a party may- not complain of error into which he has led the court.’ Ex parte King, 643 So.2d 1364, 1366 (Ala. 1993). ‘A party cannot win a reversal on an error that party has invited the trial court to commit.’ Neal v. Neal, 856 So.2d 766, 784 (Ala. 2002), See also Liberty Nat’l Life Ins. Co. v. Beasley, 466 So.2d 935, 937 (Ala. 1985); State Farm Mut. Auto. Ins. Co. v. Humphres, 293 Ala. 413, 418, 304 So.2d 573, 577 (1974).”
*479 Mobile Infirmary Med. Ctr. v. Hodgen, 884 So.2d 801, 808 (Ala. 2003). In the present case, because the wife specifically, represented to the trial court that the existing visitation schedule, which the parties had agreed to pendente lite, was “fine,” this court will not reverse - the trial court’s judgment to the extent it continúes that visitation schedule.
The wife asserts on appeal that her testimony indicating that she approved of continuing the pendente lite visitation schedule was the result of a “misunderstanding and the language barrier.” The wife failed, however, to assert before the trial court at any time that she had misunderstood the trial court’s questioning or that a language barrier had led her to indicate that the visitation schedule - was satisfactory. “[An appellate cjourt cannot consider arguments raised for the first time on appeal; rather, [an appellate court’s] review is restricted to the evidence and arguments considered by the trial court.” Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala. 1992). Thus, we decline to consider the wife’s assertion on appeal that her testimony should have been discounted based on her misunderstanding.
The wife cites DuBois v. DuBois, 714 So.2d 308 (Ala. Civ. App. 1998), for the proposition that a trial court exceeds its discretion by awarding visitation every weekend to the noncustodial parent' because such an award prevents the custodial parent from spending any quality time With the child. However, in-DuBois the mother did not represent to the trial court that the every-weekend visitation schedule would be appropriate, as occurred in the present case. Accordingly, DuBois is not controlling and the trial court’s judgment with regard to its award of visitation is due to be affirmed.
II. Child Support
The wife next argues on appeal that the trial court erred in fashioning its child-support award. The husband testified that he' operates a restaurant formed by the parties as a closely held corporation. The husband testified, and an exhibit showed, that he had deposited $42,621 into his personal bank account betvveen January and the end of November 2015. The husband also' completed a CS-41 child-support income affidavit form, see Rule 32, Ala. R. Jud. Admin., indicating that he had earned a gross income of $3,850 per month in 2015. The trial court used the $3,850 figure when computing the husband’s basic monthly child-support obligation. The trial court determined that the husband owed $584.25 per month in child support, but it ordered the husband to pay only $500 per month “due to the child being in the [husband’s] care every weekend.”
The wife asserts that the trial- court failed to follow the child-support guidelines of Rule 32 in determining the gross income of the husband. Although the trial court expressed that it was deviating from the child-support guidelines, the trial court has a mandatory duty to first correctly determine the basic monthly child-support obligation of the husband in order to ascertain the extent of its deviation. See T.C.S. v. D.O., 156 So.3d 418, 421 (Ala. Civ. App. 2014). Thus, we address the wife’s argument that the trial court did not properly calculate the gross income of the husband.
Rule 32(B)(3), Ala. R. Jud. Admin., provides, in pertinent part:
“(a) For income from self-employment, rent, royalties, proprietorship of business, or joint ownership of partnership or closely held, corporation, ‘gross income’ means gross receipts minus ordinary and necessary expenses required to produce this income ,...”
*480 Rule 32(B)(4), Ala. R. Jud. Admin., provides that “[ejxpense reimbursements or in-kind payments received by a parent in the course of employment, self-employment, or operation of a business shall be counted as income if they are significant and reduce personal-living expenses.” The wife argues that the trial court failed to include significant payments made by the business that reduced the husband’s personal-living expenses. Specifically, the wife argues that the husband had used the business, checking account to pay for his cellular-telephone service, his monthly rent, his monthly bankruptcy-plan payments, his gambling debts, and gifts for his girlfriend and that those amounts should have been considered in the husband’s gross income.
The husband testified that he had paid his rent and his Chapter 13 bankruptcy payments out of his personal account, although, he said, he had not done that “in the beginning.” The husband also testified that he paid for his cellular-telephone service from the business account, but, he stated, he uses that telephone for business as well as personal reasons. The husband testified that payments from the business account to Coach, a retailer, on July 24, July 27, and July 30, 2015, that totaled $400.46 had been for gifts for his then girlfriend. The husband also testified that, in addition to the $42,621 he had deposited from the business account into his personal bank account, he had occasionally paid additional personal expenses, such as gambling expenses, from the business bank account. The husband did not recall the exact amount of those payments, but he testified that an approximate total of $7,350 for those payments was “[p]robably right;” When asked about an' additional $9,112 cash withdrawal from the business account, the husband stated: “I- don’t know. Maybe I did play some poker that night. I don’t know.”
The' trial court reasonably could have concluded that the business was not paying the husband’s rent and bankruptcy payments and that the cellular-telephone bill was a business expense rather than a personal-living expense. The trial court could not, however, have considered the remaining expenditures, which totaled $16,862.46, as anything other than income to the husband because those significant payments from the business had reduced the husband’s personal-living expenses. Notably, the husband did not prove that any of those payments had been used for business purposes so as to be excluded from his gross income. See Rule 32(B)(3). Therefore, we reverse the trial court’s judgment with regard to the child-support award, and we remand the cause to the trial court for that court to recalculate the husband’s monthly child-support obligation. In recalculating, the basic monthly child-support obligation of the husband, we instruct the trial court to include in the husband’s gross income the $16,862.46 in additional expenditures paid by the business, which would yield a gross income of $59,483.46 for the first 11 months of 2015, or a monthly gross income of $5,408, not $3,850 as the trial court found. Furthermore, we instruct the trial court to reconsider its award of $500 in child support in light of this opinion. If the trial court decides to deviate from the basic monthly child-support obligation as established by application of the child-support guidelines, the trial court shall comply with Rule 32(A), Ala. R. Jud. Admin., by entering a written finding on the record indicating why application of the child-support guidelines would be unjust or inappropriate.
III. Dependency Tax Exemption
The wife next argues that the trial court erred in allowing the husband, as the noncustodial parent, to claim the child as a dependent for income-tax purposes in al *481 ternating years without explaining its deviation from the child-support guidelines. In light of our reversal of the child-support award, the trial court may reconsider its decision on this point on remand. Therefore, we pretermit any discussion of this aspect of the wife’s appeal.
IV. Property Division
The wife last argues on appeal that the trial court’s division of property is inequitable.
“When the trial court fashions a property division following the presentation of ore tenus evidence, its judgment as to that evidence is presumed correct on appeal and will not be reversed absent a showing that the trial court exceeded its discretion or that its decision is plainly and palpably wrong. Roberts v. Roberts, 802 So.2d 230, 235 (Ala. Civ. App. 2001); Parrish v. Parrish, 617 So.2d 1036, 1038 (Ala. Civ. App. 1993); and Hall v. Mazzone, 486 So.2d 408, 410 (Ala. 1986). A property division is required to be equitable, not equal, and a determination of what is equitable rests within the broad discretion of the trial court. Parrish, 617 So.2d at 1038. In fashioning a property division and an award of alimony, the trial court must consider factors such as the earning capacities of the parties; their future prospects; their ages, health, and station in life; the length of the parties’ marriage; and the source, value, and type of marital property. Robinson v. Robinson, 795 So.2d 729, 734 (Ala. Civ. App. 2001). ‘[W]e note that there is no rigid standard or mathematical formula on which a trial court must base its determination of alimony and the division of marital assets.’ Yohey v. Yohey, 890 So.2d 160, 164 (Ala. Civ. App. 2004).”
Stone v. Stone, 26 So.3d 1232, 1236 (Ala. Civ. App. 2009). “[T]he trial court may also consider the conduct of the parties with regard to the breakdown of the marriage, even where the parties are divorced on the basis of incompatibility .... ” Baggett v. Baggett, 855 So.2d 556, 559 (Ala. Civ. App. 2003).
The trial court awarded the husband the restaurant business, which the parties stipulated was worth $25,000, but ordered the husband to pay the wife $22,000 as “her equity in and to said restaurant.” The trial court also awarded each party his or her personal vehicles. The wife has not directed this court to any evidence as to the value of the vehicles. The wife also has not informed this court of the value of any of the other assets each party was awarded in the judgment. Based on the lack of that critical financial information, this court cannot conclude that the wife received an unfair portion of the marital estate, see Cameron v. Cameron, [Ms. 2150546, Nov. 10, 2016] — So. 3d - (Ala. Civ. App. 2016), even if we could conclude that the husband’s conduct led to the breakdown of the marriage, as the wife insists.
The wife argues that the trial court should have awarded her the restaurant. The evidence shows that the wife operated the restaurant with the husband after it first opened in 2012. In November 2013, the wife terminated the employment of the husband because of his misconduct regarding the management of the restaurant. Afterward, the wife managed the restaurant alone, resulting in a financial loss. In 2014, the wife became physically and emotionally exhausted from operating the restaurant and raising the parties’ child, who had been born on April 16, 2012. At that time, the husband offered to take over management of the restaurant by himself, and the wife agreed. The wife admitted that the husband had saved the restaurant and that he had been better at operating the business. The evidence also shows that *482 the husband earned more from operating the restaurant than he had earned previously while working1 as a manager of a chain restaurant. Based on that evidence, the trial court could have been convinced that- it would be-more equitable for the husband to continue to operate the restaurant and to award the wife her equity in the restaurant, the value .of which the wife does not dispute. .The wife has failed to show that the decision to award the husband the restaurant was plainly and palpably wrong.. Based on the foregoing, we affirm that part of the tidal .court’s judgment dividing the parties’ marital property. •
, Conclusion
Based on the foregoing, we reverse the trial court’s judgment with regard to the child-support and tax-exemption awards and we remand the cause for the entry of a judgment consistent-with this opinion. We affirm the trial court’s judgment in all other respects,-
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ„ concur.

. The wife complains that the trial court did not use the terminology established in Ala. *478 Code 1975, § 30-3-151, to describe its custody/visitation award. That error is harmless, ,.however, because the judgment can be interpreted only as awarding the wife sole physical custody of the child subject to the husband’s specified rights of visitation. See Smith v. Smith, 887 So.2d 257, 262 (Ala. Civ. App. 2003).