THOMPSON, Presiding Judge.
Robin Hendon appeals from a summary judgment entered in favor of Sharon Holloway and Jerry Lagrone, the named defendants in a civil action Hendon filed in the Jefferson Circuit Court ("the trial court").
The record demonstrates that on August 11, 2015, Hendon filed a verified complaint against Holloway and Lagrone alleging claims of malicious prosecution and harassment. Hendon claims that Holloway initiated a criminal matter against her without probable cause and in bad faith. In the complaint, Hendon claimed that, in the criminal matter, Holloway had asserted that Hendon had harassed her "by shooting fireworks at [Holloway's] pets." After a trial in the Jefferson District Court, Hendon was found not guilty in the criminal matter.
In her complaint, Hendon further alleged that "respondent" had harassed her and listed the following alleged acts of harassment: "respondent" had stolen Hendon's mail, had knocked over trash cans in Hendon's yard, had slashed the cover on Hendon's boat and had stolen the boat from her "slew," had broken or stolen Hendon's outdoor decorative solar lights, had made prank telephone calls to Hendon, had allowed a tree to fall on Hendon's lot and had failed to make "any attempt to clean up the refuse" from the fallen tree, *1002 and, finally, had called Hendon's husband's workplace to complain about where he parked his company vehicle.
On June 20, 2016, Holloway filed two identical "motion[s] for a partial summary judgment." One of the motions included an affidavit from Lagrone. The other motion for a partial summary judgment included Holloway's affidavit. In their affidavits, both Lagrone and Holloway denied each act of harassment of which Hendon had accused them. Lagrone also denied initiating the criminal complaint against Hendon that served as the basis of the malicious-prosecution claim. Nothing in Holloway's affidavit addresses Hendon's malicious-prosecution claim. The motions themselves also did not address the malicious-prosecution claim.
In Hendon's response to the motions, she stated that the affidavits fell "woefully short of the requirements for Summary Judgment." She also attempted to refute Lagrone's and Holloway's assertions that they had not engaged in the conduct of which they were accused. For example the response stated:
"On the topic of knocking over trash cans, [Hendon's] response again indicates that she was not able to personally witness the act because of the Defendants' clandestine acts done under the cover of night at late hours, but that she can show motive and opportunity, as well as the circumstantial evidence that it had never occurred before the Defendants lived adjacent to her."
(Emphasis in the original.) Hendon did not offer an evidentiary submission with her response to refute the evidence presented in Holloway's and Lagrone's affidavits.
On July 13, 2016, the trial court entered a summary judgment in favor of both Holloway and Lagrone on Hendon's claims. The judgment states:
"Pending are the defendants' motions for summary judgment. The motions are accompanied by affidavits from the defendants, in which they deny under oath having committed any of the misdeeds about which [Hendon] complains.
"[Hendon] has filed a response to these motions. The response consists of arguments from [Hendon's] counsel. [Hendon], however, presents no evidence to support the contentions of her complaint. This shortcoming is fatal especially since [Hendon] bears the burden of proving her allegations.
"The court must conclude, from the evidence before it, that the material facts stand undisputed. Based on those facts, the defendants are entitled to judgment as a matter of law.
"SUMMARY JUDGMENT is therefore entered in favor of both defendants on the claims of [Hendon], who shall have and recover nothing. This is the final order in this action, with costs taxed as paid."
(Emphasis in the original.)
Hendon timely filed a motion to alter, amend, or vacate the summary judgment in which she pointed out, among other things, that the "defendants'" motions requested only a partial summary judgment and did not address the claim of malicious prosecution. The trial court denied the postjudgment motion, and Hendon then appealed to this court.
On appeal, Hendon argues that, because Lagrone did not file a motion for a summary judgment, the trial court erred in entering the summary judgment in his favor. The record indicates that, at the trial-court level, the parties and the trial court treated the two motions for a partial summary judgment, which purport to be motions "for Defendant Sharon Holloway," as though they had been filed by both defendants, Holloway and Lagrone. On June 27, *1003 2016, the trial court entered an order stating that, "[p]ending are summary judgment motions filed by the defendants." That order granted Hendon leave to file her response by a certain date, at which time the matter would be taken under submission. On July 8, 2016, Hendon, through her attorney, filed her response, in which she referred to the "Defendants' Motion for Summary Judgment." Throughout the response, Hendon refers to the "defendants'" motion, the "defendants'" actions, and the "defendants'" duty of care. Not once in her response did Hendon mention that Lagrone had not filed a separate motion for a partial summary judgment.
After the trial court entered the summary judgment in favor of both Holloway and Lagrone, Hendon filed a motion to alter, amend, or vacate the judgment pursuant to Rule 59, Ala. R. Civ. P. In her postjudgment motion, Hendon argued that the "defendants' motion" requested only a partial summary judgment and addressed only the claim of harassment. She did not assert that the summary judgment was improper as to Lagrone because he had not filed a motion for a summary judgment.
As demonstrated, the parties and the trial court proceeded as though the motions for a partial summary judgment had been filed by both Holloway and Lagrone. Because Hendon never asserted before the trial court that the summary judgment was improper as to Lagrone because he had not filed a summary-judgment motion, this court cannot consider the issue on appeal. Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala. 1992) (holding that an appellate court's review is restricted to the evidence and arguments presented to the trial court and that, thus, an appellate court cannot consider an issue raised for the first time on appeal); see also Sutchaleo v. Sutchaleo, 228 So.3d 475 (Ala. Civ. App. 2017) (same). Accordingly, we will not reverse the summary judgment entered in favor of Lagrone as to this issue.
Hendon also argues that the trial court erred in entering a summary judgment in favor of Holloway and Lagrone on both the malicious-prosecution claim and the harassment claim. We review a summary judgment pursuant to the following standard:
"This Court's review of a summary judgment is de novo. Williams v. State Farm Mut. Auto. Ins. Co., 886 So.2d 72, 74 (Ala. 2003). We apply the same standard of review as the trial court applied. Specifically, we must determine whether the movant has made a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Blue Cross & Blue Shield of Alabama v. Hodurski, 899 So.2d 949, 952-53 (Ala. 2004). In making such a determination, we must review the evidence in the light most favorable to the nonmovant. Wilson v. Brown, 496 So.2d 756, 758 (Ala. 1986). Once the movant makes a prima facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to produce 'substantial evidence' as to the existence of a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989) ; Ala. Code 1975, § 12-21-12."
Dow v. Alabama Democratic Party, 897 So.2d 1035, 1038-39 (Ala. 2004).
Hendon argues that, because Holloway and Lagrone moved only for a partial summary judgment, the trial court erred in entering the summary judgment as to both of her claims. Specifically, Hendon points out that nothing in the motions *1004 or in Holloway's affidavit addresses the malicious-prosecution claim. Therefore, Hendon says, Holloway did not meet her burden of showing that she was entitled to a judgment as a matter of law on the malicious-prosecution claim.
"The elements of malicious prosecution include:
" '(1) that the present defendant instituted a prior judicial proceeding against the present plaintiff; (2) that in instituting the prior proceeding the present defendant acted without probable cause and with malice; (3) that the prior proceeding ended in favor of the present plaintiff; and (4) that the present plaintiff was damaged as a result of the prior proceeding.'
" Wal-Mart Stores, Inc. v. Goodman, 789 So.2d 166, 174 (Ala. 2000) (citing Delchamps, Inc. v. Bryant, 738 So.2d 824, 831-32 (Ala. 1999) )."
Consolidated Elec. Contractors & Engineers, Inc. v. Center Stage/Country Crossing Project, LLC, 175 So.3d 642, 651 (Ala. Civ. App. 2015).
As mentioned, Hendon alleged in her complaint that Holloway had initiated a criminal proceeding against her in bad faith and without probable cause. That prior proceeding ended with a verdict and judgment in favor of Hendon. Hendon also asserted that she had suffered extreme duress and mental anguish as a result of the criminal proceeding against her. There is no question that Hendon clearly set forth a claim of malicious prosecution in her complaint. A review of Holloway's motion for a partial summary judgment and Holloway's affidavit submitted with that motion reveals no evidence that could be construed as a refutation of Hendon's malicious-prosecution claim. Thus, Holloway failed to meet her burden of demonstrating that no genuine issue of material fact existed or that she was entitled to a judgment as a matter of law on the malicious-prosecution claim, as required by Rule 56, Ala. R. Civ. P. See Dow, 897 So.2d at 1038-39. Accordingly, we conclude that the trial court erred in entering a summary judgment in favor of Holloway as to Hendon's claim of malicious prosecution against her.
*1005 Hendon also argues that the trial court erred in entering the summary judgment in favor of Holloway and Lagrone as to her claim of harassment. Specifically, Hendon contends that Holloway and Lagrone failed to demonstrate that no genuine issue of material fact existed as to that claim or that they were entitled to a judgment as a matter of law on that claim. Thus, she says, the trial court's summary judgment as to the harassment claim was improper. The record does not support her argument, however.
Both Holloway and Lagrone submitted affidavits in support of the motions for a partial summary judgment in which they specifically denied having committed any or all of the harassing conduct of which Hendon accused them. As the trial court pointed out in its judgment, Hendon failed to present any evidence to support the contentions she made in her complaint or to refute Holloway's and Lagrone's evidence, included in their respective affidavits, indicating that they did not commit the acts of which they were accused. Once Holloway and Lagrone made their prima facie showings that they had not engaged in harassment against Hendon, the burden shifted to Hendon to present substantial evidence as to the existence of a genuine issue of material fact. See Dow, 897 So.2d at 1038-39. Hendon failed to present such evidence. Accordingly, the summary judgment was properly entered in favor of Holloway and Lagrone as to the harassment claim.
Hendon also argues that the trial court erred in entering the summary judgment without giving her the opportunity to be heard orally. As mentioned, when the motions for a partial summary judgment were filed, the trial court entered an order providing Hendon with leave to file her response by a certain date, "at which time," the court said, "the matter [would] be taken under submission." Hendon did not seek a hearing in her response to the motions for a partial summary judgment, and our review of the record demonstrates that she did not seek a hearing on the motions in a separate document. An appellate court will not reverse a judgment based on a trial court's failure to do what it was not asked to do. Harris v. Health Care Auth. of City of Huntsville, 6 So.3d 468, 473 (Ala. 2008).
For the reasons set forth above, the summary judgment entered on Hendon's claim of harassment in favor of both Holloway and Lagrone is affirmed, as is the judgment entered in favor of Lagrone as to the claim of malicious prosecution. However, the summary judgment entered in favor of Holloway as to the claim of malicious prosecution is reversed, and the cause is remanded for further proceedings.
Finally, the parties have filed several motions on appeal. Hendon's motion for leave to file a corrected brief is granted. Holloway and Lagrone's motion to strike portions of the statement of facts included in Hendon's appellate brief is granted to the extent that the challenged portions are not supported by the record. Hendon's motion to strike Holloway and Lagrone's motion "for improper form" is denied, as is Hendon's request for an attorney fee of $750.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
Pittman, Thomas, and Donaldson, JJ., concur.
Moore, J., concurs in the result, without writing.